# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DON RICHARD GRANT** and **JACQUELINE LILIAN HARRINGTON,** §§§§§§§§§<br>*Plaintiffs* | |
| v. | Case Nos. 1:24-CV-00247-DAE |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,**<br>*Defendant* | |

## ORDER

Before the Court are:

1. Plaintiffs Don Grant & Jacqueline Harrington Motion to Compel Appraisal and Stay Litigation, filed October 11, 2024 (Dkt. 40);

2. Plaintiffs' Request to Set Hearing on Motion to Compel Appraisal and Stay Litigation, filed October 21, 2024 (Dkt. 43);

3. Plaintiff's Motion for Sanctions and to Strike Non-Disclosed & Groundless and Frivlous [sic] Pleading, Omitting the Finality of Judgment is with Plaintiffs, filed October 21, 2024 (Dkt. 45);

4. Plaintiff's Motion for Sanctions Due to Patrick Kemps Actions of Deliberately Interfering, Delaying, and Denying the Enforcement of an Appraisal Clause in the Insurance Contract, While Ignoring Settlement Offers, filed October 24, 2024 (Dkt. 46);

5. Plaintiff's Second Motion for Sanctions Due to Patrick Kemps Actions of Deliberately Interfering, Delaying, and Denying the Enforcement of an Appraisal Clause in the Insurance Contract, While Ignoring Settlement Offers, filed October 24, 2024 (Dkt. 47);

6. Plaintiffs' Don Grant and Jacqueline Harrington's Ammended [sic] Motion for Leave, filed November 4, 2024 (Dkt. 50);

7. Plaintiff Motion for Sanctions for Propounding Two Sets of Discovery 'Plaintiff's Responses to Defendant's Requests for Production' Defendant Nationwide Mutual Insurance Company's First Written Discovery Requests to Plaintiff Jacqueline Lilian Harrington, filed November 11, 2024 (Dkt. 53);

8. Plaintiff's Motion to Disqualify Attorney Patrick Kemp for Misrepresentation, Judicial Abuse, and Professional Misconduct, filed November 12, 2024 (Dkt. 57);

    9. Plaintiff's Motion to Disqualify Defense Counsel and for Relief due to Conspiracty [sic] to Defraud, Fabrication of Evidnece [sic] and Tampering with Evidence, filed November 20, 2024 (Dkt. 64);

and the associated response and reply briefs. By Text Orders entered October 25, November 5, November 12, November 15, and November 20, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").[1]

## I.    Background

This litigation arises from an insurance dispute. Plaintiffs allege that in April 2021, pipes at their home in Austin, Texas ("Property") burst, causing water damage and flooding. Dkt. 40 at 1. Proceeding *pro se*, Plaintiffs Don Richard Grant and Jacqueline Lilian Harrington sued Nationwide Mutual Insurance Company in state court in Travis County, Texas on February 23, 2024. Dkt. 1-1. Nationwide removed the case to this Court on the basis of diversity jurisdiction on March 6, 2024. Dkt. 1. Plaintiffs have filed many unsuccessful motions over the ensuing months and now pursue the nine motions listed above, all filed within a span of six weeks.

## II.   Plaintiffs' Frivolous Motions to Sanction, Strike, and Disqualify

One acting *pro se* "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court **DENIES AS FRIVOLOUS** the following motions:

- Plaintiff's Motion for Sanctions and to Strike Non-Disclosed & Groundless and Frivlous [sic] Pleading, Omitting the Finality of Judgment is with Plaintiffs (Dkt. 45);

---

[1] Plaintiffs' Reply to Defendant Nationwide Mutual Insurance Company's Response to Motion for Sanctions filed November 5, 2024 (Dkt. 51) is also referred, but it is Plaintiffs' reply brief in support of their Motion for Sanctions filed October 24, 2024 (Dkt. 47).

2

- Plaintiff's Motion for Sanctions Due to Patrick Kemps Actions of Deliberately Interfering, Delaying, and Denying the Enforcement of an Appraisal Clause in the Insurance Contract, While Ignoring Settlement Offers (Dkt. 46);

- Plaintiff's Second Motion for Sanctions Due to Patrick Kemps Actions of Deliberately Interfering, Delaying, and Denying the Enforcement of an Appraisal Clause in the Insurance Contract, While Ignoring Settlement Offers (Dkt. 47);

- Plaintiff Motion for Sanctions for Propounding Two Sets of Discovery 'Plaintiff's Responses to Defendant's Requests for Production' Defendant Nationwide Mutual Insurance Company's First Written Discovery Requests to Plaintiff Jacqueline Lilian Harrington (Dkt. 53);

- Plaintiff's Motion to Disqualify Attorney Patrick Kemp for Misrepresentation, Judicial Abuse, and Professional Misconduct (Dkt. 57); and

- Plaintiff's Motion to Disqualify Defense Counsel and for Relief due to Conspiracty to Defraud, Fabrication of Evidnece and Tampering with Evidence (Dkt. 64).

The Court **ADMONISHES** Plaintiffs to cease filing duplicative, harassing, and meritless motions. Otherwise, the Court may impose appropriate sanctions, including a pre-filing bar requiring Plaintiffs to seek and receive permission from the Court before filing any future motions in this case. *See, e.g.*, *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991) (stating that *pro se* plaintiff's "wasting of increasingly scarce judicial resources must be brought to an end").

### III. Motion to Compel Appraisal and Stay Litigation

Plaintiffs move the Court to compel appraisal and stay litigation and to set a hearing on this motion. Dkt. 40; Dkt. 43.[2] Nationwide asks the Court to deny the motion, arguing that Plaintiffs waived their right to appraisal by failing to timely invoke it and completing repairs to the Property.

#### A. Legal Standards

Because this case was removed on diversity grounds, the Court applies Texas substantive law.[3] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). The Texas Supreme Court has a "strong policy

---

[2] The Court finds that a hearing is unnecessary.

[3] Although the Court applies Texas substantive law here, it follows the Federal Rules of Civil Procedure. Therefore, Plaintiffs' request for a pretrial conference pursuant to Texas Rule of Civil Procedure 166 is not well-taken. Dkt. 43.

3

in favor of enforcing appraisal clauses in insurance contracts regardless of concerns that may exist about the scope of appraisal." *Kunkle v. Safeco Ins. Co. of Indiana*, No. 5:19-CV-1083-DAE, 2020 WL 13882195, at *6 (W.D. Tex. Aug. 7, 2020) (citation omitted). Trial courts "have no discretion to ignore a valid appraisal clause entirely." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). But, like any other contract term, an appraisal provision may be waived by conduct inconsistent with invocation of the provision. *Dwyer Fidelity Nat'l Prop. & Cas. Ins.*, 565 F.3d 284, 287 (5th Cir. 2009).

Appraisal should be invoked within a reasonable time. *Mattox v. Safeco Ins. Co. of Indiana*, 2016 WL 10519944, at *2 (W.D. Tex. Nov. 28, 2016). "In determining whether an appraisal has been made within a reasonable time, the court considers: '(1) the time between the breakdown of good faith negotiations and the appraisal demand; and (2) whether the insured would suffer any prejudice from the delay in demanding appraisal.'" *Id.* (quoting *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 409 (Tex. 2011)). While appraisal "is intended to take place before suit is filed," *Johnson*, 290 S.W.3d at 894, appraisal clauses "are routinely invoked during litigation. Consequently, the appraisal clause may be invoked after suit, provided that the failure to do so has not amounted to waiver." *Dwyer*, 565 F.3d at 288 (citations omitted).

Waiver is the intentional relinquishment of a known right and "can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct." *G.T. Leach Builders, LLC v. Sapphire V.P, LP*, 458 S.W.3d 502, 511 (Tex. 2015). A waiver of rights under an appraisal provision by conduct occurs "only when the party engages in intentional conduct inconsistent with claiming that right." *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 888 (Tex. App.—Fort Worth 2018, no pet.). Waiver of an appraisal clause occurs if (1) the parties reached an "impasse"; (2) after the impasse, one party unreasonably delayed seeking an appraisal; and (3) that party's

4

delay was prejudicial. *Village at Woodlake Country Club Homeowners Ass'n v. Ohio Sec. Ins.*, No. SA-23-CV-00196-FB, 2024 WL 502317, at *1 (W.D. Tex. Jan. 26, 2024). The party alleging waiver has the burden to show (1) waiver by conduct of the party seeking appraisal and (2) prejudice to itself. *Castanon v. Safeco Ins. Co. of Indiana*, No 5:21-CV-00851-XR, 2022 WL 2671866, at *1 (W.D. Tex. July 8, 2022).

**B. Analysis**

Each of the three insurance policies at issue includes this appraisal provision in Section I:

**F. Appraisal**

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally, except that any fees for expert witnesses or attorneys will be paid by the party who hires them.
>
> Neither the umpire nor the appraisers will have a financial interest that is conditioned on the outcome of the specific matter for which they are called to serve.
>
> This is not a provision providing for or requiring arbitration.
>
> The appraisers and umpire are only authorized to determine the "actual cash value", replacement cost, or cost to repair the property that is the subject of the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between you and us. The appraisal award cannot be used by either you or us in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the

5

>      appraisal award is binding upon you and us. This appraisal process and
>      authority granted to the appraisers and the umpire can only be expanded or
>      modified by written mutual consent signed by you and

Dkt. 41-1 at 50; Dkt. 41-2 at 38; Dkt. 41-3 at 80; Dkt. 43-1 at 80 (same).

1. **Waiver**

Nationwide argues that Plaintiffs waived their right to invoke appraisal through unreasonable delay. Reasonableness must be measured from the point of impasse. *Universal Underwriters*, 345 S.W.3d at 408. Parties reach an impasse "when there is a breakdown of good-faith negotiations." *Castanon*, 2022 WL 2671866, at *2. "The analysis requires an examination of the circumstances and the parties' conduct, not merely a measure of the amount of time involved in seeking appraisal." *Heredia v. State Farm Lloyds*, No. DR-16-CV-0011-AM-VRG, 2016 WL 10515972, at *2 (W.D. Tex. July 1, 2016) (citation omitted).

Nationwide contends that an impasse occurred no later than the filing of this lawsuit on February 23, 2024, but "likely occurred at some point between June 9, 2023 and February 8, 2024 when Plaintiffs undertook a significant remodel of the Property and precluded further investigation into the alleged damages." Dkt. 41 at 5.

Plaintiffs first attempted to invoke appraisal on February 14, 2024, when they sent Nationwide a demand letter and notice of intent to sue invoking appraisal but including no other required information, including the name of an appraiser. Dkt. 41-4. Nationwide responded on February 22, 2024: "When invoking appraisal, there is a formal process. If you wish to invoke appraisal, please advise which claim you wish to invoke appraisal on, dispute of damages, and your named appraiser's contact information." Dkt. 40 at 9. Rather than respond, Plaintiffs filed suit the next day. Seven months later, on September 23, 2024, Plaintiffs sent another email stating "please invoke the appraisal demand on this case," but again including no other information. Dkt. 41-6.

The parties have not engaged in mediation. Their Alternative Dispute Resolution Report, filed June 7, 2024, states that they "are not currently engaged in settlement negotiations" and that Plaintiffs did not agree to pay any amount toward a mediator's fee. Dkt. 28 at 1 ¶ 1, 2. Nationwide proposed mediation after its experts' July 23, 2024 reinspection of the Property, but contends that Plaintiffs' discovery conduct has precluded it "from fully evaluating the case." Dkt. 48 at 8. It also appears that the parties have not engaged in good-faith settlement talks since Plaintiffs filed suit. While Plaintiffs have sent demand letters, "Nationwide takes the position that Plaintiffs['] demands are entirely unreasonable." *Id.* Considering all circumstances presented, including the parties' conduct, the Court agrees that an impasse occurred by February 23, 2024, when Plaintiffs filed suit.

Plaintiffs moved to compel appraisal nearly eight months after impasse. Court have found similar delays to be unreasonable. *See Coleman v. AmGuard Ins.*, 709 F. Supp. 3d 279, 283 (S.D. Tex. 2023) (denying motion to compel appraisal due to delay of nearly eight months after filing suit); *First Baptist Church Mineola Tex. v. Church Mut. Ins.*, No. 6:20-cv-00403, 2021 WL 5332321, at *3 (E.D. Tex. June 4, 2021) (finding nine-month delay unreasonable); *SkyPac Corp. v. Great Lakes Reinsurance (UK) SE*, No. 1:16-cv-115, 2016 WL 9414096, at *2 (E.D. Tex. Dec. 16, 2016) (finding seven-month delay unreasonable). The Court finds that Nationwide has met its burden to show waiver of appraisal by Plaintiffs' delay.

2. **Prejudice**

Nationwide also must show prejudice by the delay. Nationwide argues that it is prejudiced because Plaintiffs began remodeling their home before they attempted to invoke appraisal or allowed Nationwide to reinspect it, making it impossible to assess the alleged damages. It contends that appraisal is unavailable because repairs were completed before Plaintiffs invoked the appraisal

7

process, arguing: "This untimely invocation of appraisal has prejudiced Nationwide because Plaintiffs have already spent approximately $150,000 repairing the Property such that it is not clear what is left to appraise." Dkt. 41 at 1.

Nationwide also contends that the significant expenses it has incurred during nine months of litigation and with discovery set to close in less than two months, increased by Plaintiffs' excessive motion practice and failures to participate in discovery, establish prejudice in the context of waiver. *See Allstate*, 549 S.W.3d at 892 (stating that "prejudice may arise not only from the delay but also from the requesting party's intentional conduct in the meantime—like conduct triggering additional expenses").

The Court finds that Nationwide has met its burden to show that it has been prejudiced by Plaintiffs' failure to invoke appraisal before repairing the Property. Nationwide

> has incurred expense throughout the litigation process, all or most of which would have been avoided if [Plaintiffs] had demanded appraisal before—or at least promptly after—bringing this lawsuit. And quite clearly, appraisal would be useless, given that the damage has long since already been repaired.

*Coleman*, 709 F. Supp. 3d at 283 (citation omitted); *see also Castanon*, 2022 WL 2671866, at *2 ("An appraisal, at this stage, will only further delay the litigation and serve no purpose as repairs have already been completed.").

### C. Conclusion as to Motion to Compel Appraisal and Stay Litigation

The Court finds that Nationwide has shown that Plaintiffs waived appraisal by delay after impasse, repairing the Property before invoking appraisal, and triggering litigation expenses, causing prejudice to Nationwide. Plaintiffs Don Grant & Jacqueline Harrington Motion to Compel Appraisal and Stay Litigation (Dkt. 40) is **DENIED**.

### IV.      Motion for Leave to Amend

Finally, the Court addresses Plaintiffs' Amended Motion for Leave (Dkt. 50). Under the Court's Scheduling Order, the deadline to file motions to amend was July 19, 2024. Dkt. 25 ¶ 4. More than a month after the deadline – on August 22, 2024 – Plaintiffs filed a motion for leave to file an amended complaint (Dkt. 39), which was denied by Text Order entered September 3, 2024 without prejudice to refiling because the motion and amended complaint were unsigned. More than two months passed before Plaintiffs filed the instant motion for leave on November 4, 2024, attaching a proposed amended complaint asserting different causes of action than in the proposed amended complaint filed in August. Yet Plaintiffs assert that the motion "is timely and fil[]ed in advance of Courts deadline to file amended pleading," Dkt. 50 at 1, and that they have "diligently sought leave from the court to amend my pleading." Dkt. 56 at 1.

Defendants oppose the motion as untimely and for failure to confer, and because Plaintiffs have not shown good cause to amend. Dkt. 55. The Court agrees that the motion should be denied.

**A. False Certificate of Conference and Failure to Confer**

In their "Certificate of Conference," Plaintiffs represent to the Court: "I certify that Plaintiff conferred with Patrick kemps office on November 3,2024 via email regarding the relief requested in this motion, and could not reach an agreement on the amended Motions by agreement." Dkt. 50 at 2 [sic]. Defense counsel submits evidence showing this representation to be false. Dkt. 55-1.

All litigants appearing before this Court have a duty of candor to the Court, including those appearing *pro se*. *Invasix, Inc. v. Allmond*, No. SA-20-CV-01135-JKP, 2021 WL 5355929, at *4 (W.D. Tex. Nov. 17, 2021) (collecting cases). Plaintiffs are admonished that they may be subject to sanctions for any further breach of their duty of candor.

Even had the certificate of conference been accurate, it would violate Local Rule CV-7(g), which provides:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

Plaintiffs are admonished that they must *actually confer* with counsel for Nationwide before filing *any* future nondispositive motion in this Court, and if the motion is opposed, they must certify "the specific reason that no agreement could be made." *Id.; see also, e.g.*, *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLD, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse").

This Magistrate Judge may deny any future motion lacking a certificate of conference or otherwise filed in violation of Local Rule CV-7(g).

**B. Failure to Show Good Cause**

Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires a showing that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F. 3d at 535. If the movant shows good cause, "the more liberal standard of Rule 15(a)" applies. *Id.* at 536. Under Rule 15(a)(2), a court "should freely give leave when justice so requires."

10

Plaintiffs' motion for leave to amend was untimely. Thus, Rule 16(b)(4) applies, and Plaintiffs must show good cause to modify the Scheduling Order. The Court considers four factors in determining whether a motion under Rule 16(b)(4) should be granted: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters*., 315 F. 3d at 536. The Court addresses each factor in turn.

1. **Explanation for Failure to Timely Seek Leave to Amend**

Plaintiffs do not explain their failure to timely request leave to amend. In their reply, Plaintiffs complain of the scheduling order entered by the Court – which set the deadline to amend more than one month *after* Plaintiffs' requested deadline of June 15, 2024 (Dkt. 16 ¶ 4) – and of Defendants' objections to their discovery requests. Dkt. 56. Their assertions are not persuasive. The first factor weighs against amendment.

2. **Importance of the Amendment**

Plaintiffs' Complaint appears to include claims for breach of contract, bad faith, negligence, and violations of the Texas Deceptive Trade Practices Act. Original Petition, Dkt. 1-1. The proposed amended complaint includes claims described as breach of contract, misrepresentation, violations of the Texas Deceptive Trade Practices Act, and evasion of the statute of limitations. Dkt. 50-1 ¶ 9, 56-1. Defendant point out that Plaintiffs' allegations concerning misrepresentation appear to be included in the claims in their original Complaint under Texas Insurance Code Chapter 541 and "evasion of the statute of limitations" is not a valid claim. Because the proposed amendment does not add any valid claims, the Court finds that it is unimportant. The second factor weighs against amendment.

### 3. Potential Prejudice

Expert deadlines have passed and discovery is set to close in less than two months. Dkt. 25 ¶¶ 5, 6. Given the status of the case, the Court finds that the third factor weighs against amendment.

### 4. Continuance

Plaintiffs do not state whether they would agree to a continuance to cure any prejudice to Nationwide from amendment. Because a continuance may be available, this factor is neutral.

### C. Conclusion as to Motion for Leave to Amend

The Court has found that three of the Rule 16(b)(4) factors weigh against amendment and one is neutral; none supports granting leave to amend. The Court finds that Plaintiffs have not shown good cause to amend and **DENIES** Plaintiffs' Don Grant and Jacqueline Harrington's Ammended [sic] Motion for Leave (Dkt. 50).

## V. Conclusion

For the reasons stated above, the Court **DENIES** all of Plaintiffs' pending motions (Dkts. 40, 43, 45, 46, 47, 50, 53, 57, and 64) and **ORDERS** Plaintiffs to cease filing frivolous, duplicative, and harassing motions or face sanctions. Plaintiffs are further **ORDERED** to cease filing their discovery responses on the docket.

The Court further **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the Honorable David A. Ezra.

**SIGNED** on November 20, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE