IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON RICHARD GRANT; and JACQUELINE LILIAN HARRINGTON, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § | CIVIL ACTION NO. 1:24-cv-00247-DAE |
| | § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § | |
| *Defendant*. | § | |

## DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S OMNIBUS RESPONSE TO PLAINTIFFS' VARIOUS FILINGS (DOCS. 147-155, 157)

Plaintiffs have bombarded Nationwide's counsel with eleven separate filings in a matter of nine days. In Document Numbers 147-155 and 157, Plaintiffs continue their pattern of filing duplicative, harassing, and baseless motions to force the Court to address what Plaintiffs perceive as the most important issues in this case and re-litigate matters of which the Court has previously ruled. However, Plaintiffs fail to provide any new evidentiary support for their claims or to substantiate their new motions. Instead, and despite repeated clear warnings from the Court to cease filing duplicative, frivolous, harassing, and meritless motions,[1] Plaintiffs continue to do so. Nationwide respectfully requests that the court deny all requested relief in Plaintiffs' various filings (Docs. 147-155, 157).

### I. THE RELIEF REQUESTED IN DOC. 147 AND 148[2] SHOULD BE DENIED

**A. Plaintiffs' allegations that Nationwide has not produced a sufficient privilege log or has improperly withheld unprivileged information are unsubstantiated.**

---

[1] *See* Doc. 65 at page 3; Doc. 144 at page 9.
[2] Doc. 148 does not contain any substantive information but rather appears to be 961 pages of exhibits which Plaintiff refers to throughout Doc. 147. Therefore, Nationwide will address both filings together in this section.

1.      In Doc. 147, Plaintiffs allege that Nationwide has improperly invoked attorney-client and work-product privilege in preparing its privilege log in the instant dispute.[3] First, Plaintiffs allege that Nationwide has failed to comply with the requirements articulated in Federal Rule of Civil Procedure 26(b)(5)(A) for preparing a privilege log. However, Plaintiffs do not cite to any evidence of this claim. Rather, they allege that they have been "deprived of any opportunity to determine whether [Nationwide's] redactions were proper" because Nationwide has "neither disclosed the basis for redaction not provided an unredacted version for review."

2.      Federal Rule of Civil Procedure 26(b)(5) requires a party withholding privileged materials to submit a privilege log in which the party identifies the claimed privilege and "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[4] Nationwide first provided Plaintiffs with its privilege log on April 29, 2024. Nationwide's privilege log explicitly identifies both the privilege claimed and provides a description of the contents of the document that is sufficient under Rule 26. Plaintiffs attach it to their most recent filing.[5] Plaintiffs provide no evidence to the contrary or even point to a specific section of the privilege log they believe to be deficient. Plaintiffs are not entitled to an "unredacted version" of Nationwide's document production simply because they baselessly allege fraud.

3.      Plaintiffs also appear to attempt to file a Motion to Compel within Doc, 147, alleging that Nationwide has used "privilege claims to improperly withhold key evidence that

---

[3] Doc. 147, at page 3. Plaintiffs raise nearly identical arguments in Doc. 155.
[4] *United States ex rel. Reddell v. Dyncorp Int'l*, No. 1:14-CV-86, 2019 U.S. Dist. LEXIS 239268, at *6 (E.D. Tex. 2019) (citing to FED. R. CIV. P. 26(b)(5)(A)).
[5] *See* Doc. 158, Plaintiffs' Second Motion for Recusal of Judge Hightower, at page 599-610

would expose fraud."[6] As Nationwide has articulated both in the instant Omnibus Response and in its previous response to a request to "authenticate" the privilege log to Plaintiffs' Motion to Authenticate Documents, Plaintiffs' conclusory allegations are insufficient to invoke an *in-camera* review of Nationwide's document production.[7]

**B. Plaintiffs' Motion for Reconsideration should be denied because Plaintiffs fail to carry their burden to show misrepresentation or any other reason that justifies relief.**

4.      In Doc. 147, Plaintiffs also ask the Court to "reconsider its Order entered on January 27, 2025" based on the following grounds: "(1) violations of due process; (2) judicial bias and oversight, (3) failure to apply the fraud exception doctrine, (4) failure to conduct an in-camera review, and (5) abuse of discretion, contrary to law."[8]

5.      First, the Court did not issue any order on January 27, 2025. After a review of the docket and Plaintiffs' filing, Nationwide believes Plaintiffs may have intended to refer to the Court's Order issued on January 31, 2025.[9] In an effort to respond to Plaintiffs' claims, Nationwide will address Plaintiffs arguments as they apply to the Court's January 31, 2025 order. This January 31, 2025 order (Doc. No. 144) ruled on the following motions:

- Plaintiffs' Motion to Recuse Judge Hightower (Doc. 67) [DENIED];
- Plaintiffs' Objections to the Magistrate Judge's Order (Doc. 66) [OVERRULED];
- Plaintiffs' "frivolous, duplicative or harassing motions" (Docs. 68, 69, 88, 89, 96, 98, 106, 114) [DENIED]

---

[6] Doc. 147 at page 4.
[7] See Doc. 141, Nationwide's Response to Plaintiffs' Motion to Authenticate Documents. Plaintiffs' Motion to Authenticate Documents included repeated requests for an *in camera* review of Nationwide's document production.
[8] *See* Doc. 147, at page 7.
[9] See Doc. 144, Court's Order (1) Denying Plaintiffs' Motion To Recuse; (2) Denying Plaintiffs' Objections To Magistrate Judge's Order; (3) Denying Plaintiffs' Frivolous, Duplicative, Or Harassing Motions; And (4) Denying As Moot Defendant's Motion To Strike

3

6.       Although the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, such motions are generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).[10] A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."[11] "The purpose of a motion to reconsider is not to allow a party to rehash old arguments or advance theories that could have been presented earlier."[12] While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly.[13]

7.       Plaintiffs' Motion to Reconsider is focused on a motion the Court has not yet ruled on. Specifically, Plaintiffs spend pages relitigating their request for an in-camera review of Nationwide's document production and for an application of the "fraud exception doctrine."[14] These arguments were raised by Plaintiffs' in Plaintiffs' Motion to Authenticate Documents (Doc. 130) which was filed on January 20, 2025.[15] Nationwide responded to Plaintiffs' motion on January 29, 2025.[16] To date, the court has not ruled on Plaintiffs' motion and this motion is not addressed in the Court's January 31, 2025 order. Therefore, any attempts by Plaintiffs to ask the court to reconsider this motion are premature as the court has not ruled on this motion.

8.       To the extent Doc. 147 can be construed to raise a cognizable challenge to any of the motions addressed in the court's January 31, 2025 order, Plaintiffs fail to present any new

---

[10] *Island v. 441st Dist. Court Judge*, No. MO:23-CV-00136-DC, 2023 U.S. Dist. LEXIS 212740, at *1-2 (W.D. Tex. 2023).
[11] *Id.* (citing to *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)).
[12] *Tex. Carpenters Health Benefit Fund v. Philip Morris, Inc.*, Civil Action 1:97CV625, 1998 U.S. Dist. LEXIS 21018, at *3-4 (E.D. Tex. 1998) (citing to *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994)).
[13] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[14] *See generally* Doc. No. 147.
[15] Doc. 130, Plaintiffs' Motion to Authenticate Documents and/or Admit Facts, 01-20-2025.
[16] Doc. 141, Nationwide's Response to Plaintiffs' Doc. 130, 01-29-2025.

4

evidence or arguments. As a result, the Plaintiffs' motion for reconsideration should be denied in full as Plaintiffs have failed to carry their burden of proving that the "extraordinary remedy" of reconsideration of judgment is required here.[17]

9.  Plaintiffs' motion for reconsideration fares no better under Rule 60(b)(3) or (6). Federal Rule of Civil Procedure 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."[18] The movant bears the burden of establishing "that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct," and the district court has discretion in determining whether the burden has been met. [19] Plaintiffs simply fail to carry their burden. Plaintiffs provide no evidence of Nationwide's fraud or misrepresentation in obtaining the January 31, 2025 order. Rather, Plaintiffs spend a significant amount of time pointing out conduct completely unrelated to the order at issue, such as claiming that the Court is engaged in "judicial bias" or abusing its discretion.[20]  Plaintiffs also fail to identify any other reason that justifies relief.[21] Thus, Plaintiffs' motion for reconsideration should be denied.

**C.  Plaintiffs' Motion for a Preliminary Injunction should be denied.**

10.  In Doc. 147, Plaintiffs also appear to either request a preliminary injunction or object to the imposition of a preliminary injunction.[22]  Because there is no preliminary injunction currently in place, Nationwide will respond on the assumption Plaintiffs request a preliminary injunction. At first, Plaintiffs do not clarify why they are seeking a preliminary injunction or what

---

[17] *Templet*, 367 F.3d at 479.
[18] *McClung v. U.S. Bank Tr., N.A.*, No. 3:18-CV-00365-B-BT, 2019 U.S. Dist. LEXIS 31147, at *5 (N.D. Tex. 2019) (citing to FED. R. CIV. P. 60(b)(3)).
[19] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)
[20] Doc. 147, at page 9-10.
[21] FED. R. CIV. P. 60(b)(6)).
[22] Doc. 147 at 8, 11-12.

conduct by Nationwide they are seeking to enjoin. Rather, Plaintiffs provide a brief recitation of the facts of the claim, make baseless allegations that Nationwide has engaged in fraud, and then state the standard for a preliminary injunction.[23] However, in Doc. 149 Plaintiffs request an injunction "preventing [Nationwide] from staging further post-bankruptcy repossessions, fraudulent investigations, or personal retaliation against Plaintiff."[24] This allegation stems from Plaintiffs' unfounded and bizarre claim that Nationwide organized the repossession of Plaintiffs' vehicle.[25] Nationwide has not engaged in any acts of retaliation against Plaintiffs and was not involved with the repossession of Plaintiffs' vehicle.

11.     A preliminary injunction is an "extraordinary remedy."[26] To obtain a preliminary injunction, a litigant must prove four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction is in the public interest."[27] As a result, injunctive relief should not be granted unless the litigant requesting the relief "clearly carried the burden of persuasion on *all four* requirements."[28]

12.     However, Plaintiffs fail to even address all four elements required for the imposition of a preliminary injunction, spending all their time focused on the first factor – a

---

[23] *Id.* at 8-11. This is not the first time Plaintiffs' have requested a preliminary injunction in this case. *See* Doc. 68, Plaintiffs' Motion for Injunctive Relief; Doc. 69, Plaintiffs' Motion for Expedited Hearing on Preliminary Injunction Relief and Temporary Restraining Order; Doc. 87, Nationwide's Response to Doc. 68-69.
[24] Doc. 149 at 22.
[25] *Id.* at 12 ("The recent even led to an Illegal Repossession of their assets – Post Bankruptcy, which failed to provide a Notice of Intent to repo and the Repo Company fraudulently misrepresenting the Make, Year, Model, or Plaintiffs Car to gain illegal access to the Vehicle to have it illegally towed for a private property lot, while the Plaintiff was performing Karaoke, In a lot of over 100 vehicles.").
[26] *See Texans for Free Enter, v. Tex. Ethics Comm'n*, 732 F.3d 535, 536 (5th Cir. 2013).
[27] *Gonzales v. Mathis Indep. Sch. Dist.*, 978 F.3d 291, 294 (5th Cir. 2020) (articulating the factors for a preliminary injunction).
[28] *Gib. Cable Barrier Sys., LP v. Neusch*, No. 1:16-CV-418-LY, 2016 U.S. Dist. LEXIS 193270, at *7 (W.D. Tex. Dec. 1, 2016) (emphasis added).

substantial likelihood of success on the merits.[29] For this factor, Plaintiffs fail to provide any evidence, instead repeating unsubstantiated allegations that Nationwide has engaged in "bad faith" and manipulated policy language. Plaintiffs claim they have provided "substantial evidence demonstrating financial harm and bad faith conduct by Nationwide" including the fact Plaintiffs have filed for bankruptcy. However, the fact that Plaintiffs have filed for bankruptcy and are experiencing "apparent financial distress" is wholly disconnected from the Plaintiffs' likelihood of prevailing in the underlying insurance litigation. Because Plaintiffs have failed to prove even one of the factors necessary to receive a preliminary injunction, Nationwide respectfully requests that the Court deny Plaintiffs' request for a preliminary injunction.[30]

## II. PLAINTIFFS' OBJECTION TO THE COURT'S ORDER (DOC. 149) AND CLAIMS REGARDING DUE PROECSS (DOC. 151) SHOULD BE DENIED.

13. In Doc. 149, Plaintiffs object to the Court's order issued on January 31, 2025 because the court "failed to (1) invoke the fraud-crime exception, (2) invoke an in-camera review, (3) evaluate and rule on the improper assertion of privileges, and (4) compel Defendant Patrick Kemp to submit unredacted documents where privileges were improperly asserted."[31] Essentially, Plaintiffs complain that the Court's January 31, 2025 order did not grant the relief Plaintiffs requested.

14. In Doc. 149 and 151 Plaintiffs also allege that the court clerk is "taking instructions from Patrick Kemp", Nationwide's counsel, to block Plaintiffs' flings. Therefore, in Plaintiffs' words, the hearing currently scheduled for March 4, 2025 violates Plaintiffs rights to due process. First, the order of the Court did not violate Plaintiffs right to due process because the Plaintiffs

---

[29] Doc. 149 at 11.
[30] *See Boerschig v. Trans-Pecos Pipeline, L.L.C.*, 872 F.3d 701, 706 (5th Cir. 2017) (explaining that the court "need not reach the other injunction fac-tors" after determining that movant failed to establish one factor).
[31] Doc. 149 at page 1.

have not been deprived of anything. To the extent, Plaintiffs are arguing that the hearing may violate their due process rights depending on what the court ultimately rules, Plaintiffs due process rights are protected by their opportunity to present objections and be heard at this hearing.[32] Rather than violate Plaintiffs' due process rights, the existence of the hearing itself protects Plaintiffs rights to due process and will give them the opportunity to be heard.

15. In addition, Plaintiffs spend a significant amount of time arguing that a sanction such as dismissing this case would be improper.[33] To the extent this is additional argument in response to the motions at issue in the upcoming March 4, 2025 hearing, Nationwide submits additional briefing on those motions should not be considered without leave.

16. Finally, Plaintiffs again request the recusal of Judge Hightower from this case, objecting to the Courts' order denying their prior motion on the subject.[34] To the extent Plaintiffs' "objection" may be construed as a motion to reconsider the court's ruling under Rule 59(e), Plaintiffs again fail to carry their burden to "clearly establish either a manifest error of law or fact or … present newly discovered evidence."[35] Rather, Plaintiffs make baseless allegations that Judge Hightower has dismissed motions outside of her authority and engaged in "systematic judicial bias, procedural irregularities, and flagrant violations of due process."[36] In doing so, Plaintiffs essentially reiterate their previous allegations of judicial bias. "Conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable."[37] Further, Plaintiffs provide no evidence of any alleged impropriety by Judge Hightower. Because

---

[32] *Okorie v. LeNtz*, No. 24-60469, 2024 U.S. App. LEXIS 29873, at *2 (5th Cir. 2024).
[33] *Id.* at page 5-7.
[34] *See* Doc. 144, Court's Order Denying Plaintiffs' Motions.
[35] *Island*, 2023 U.S. Dist. LEXIS 212740, at *1-2.
[36] Doc. 149 at page 13.
[37] See *Palomo v. Collier*, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

8

Plaintiffs fail to provide evidence, much less any new evidence, to establish a manifest error of law or fact, the relief requested should be denied.

### III. PLAINTIFFS' MOTION TO VACATE THE COURT'S ORDER (DOC. 152, 157) SHOULD BE DENIED

17. In Doc. 152, Plaintiffs ask this court to vacate the Court's Order scheduling a hearing on March 4, 2025, alleging that the "pending discovery disputes" including Plaintiffs' request for an in-camera review, must be resolved before any hearing "is allowed to proceed."[38] The majority of allegations made in Doc. 152 boil down to the fact that the Plaintiffs are unhappy that their motions have not yet been ruled on, or have previously been denied.

18. However, Plaintiffs do not cite to any authority which requires that their numerous motions for an in-camera review must be heard before the motions the court intends to consider on March 4, 2025. To the contrary, Western District of Texas Local Rules are explicit – "The allowance of an oral hearing is within the *sole discretion* of the court."[39] In addition, to the extent Plaintiffs complain that there are discovery disputes that need to be resolved in this case, the March 4, 2025 hearing will address many discovery disputes between the parties, including Plaintiffs' Motion to Compel discovery responses (Doc. 134), Nationwide's Motions to Quash Plaintiffs' discovery and deposition requests (Docs. 138, 145), and Nationwide's Motion for Contempt (Doc. 140).[40]

19. Next, Plaintiffs claim that the Court's Order "violates Plaintiff's [sic] constitutional rights to due process and equal protection" by authorizing sanctions "without a full evidentiary hearing."[41] In doing so, Plaintiffs misunderstand the purpose of the Court's Order. This Order does

---

[38] Doc. 152 at page 1-2.
[39] Western District of Texas Local Rule CV-7(h).
[40] *See* Doc. 146.
[41] Doc. 152, at page 1.

9

not "authorize" sanctions against Plaintiffs but rather puts Plaintiffs on notice that such remedies *may* be recommended to the District Court judge.[42] In addition, Plaintiffs' rights to due process are not violated because, as discussed above, the March 4, 2025 hearing provides Plaintiffs with notice and the opportunity to be heard.[43]

20. In Doc. 157, which appears to be a proposed order urging the court to grant Doc. 152, Plaintiffs go further, making repeated misrepresentations to the court. First, Plaintiffs ask the Court to vacate the order scheduling a hearing for March 4, 2025 on the grounds that Nationwide has "failed to provide the Plaintiffs with any discovery in this case."[44] This is not true. Nationwide has responded to all of Plaintiffs' timely discovery requests, including their First Set of Interrogatories sent on March 15, 2024 and their First Set of Requests for Production sent on May 28, 2024. The only discovery that Nationwide has not responded to are the various discovery requests Plaintiffs served *after* the discovery period expired.

21. In addition, Plaintiffs claim in Doc. 157 that Federal Rule of Civil Procedure 37 prohibits hearings resulting in substantive rulings "including potential contempt findings or case dismissals" until "all pending discovery disputes have been resolved."[45] Rule 37 does not say that or anything similar.[46] Similarly, unlike what Plaintiffs claim, such a hearing does not run afoul of Rule 26.[47] This filing is just one of many recent examples where Plaintiffs make explicit misrepresentations to the Court.

---

[42] *See* Doc. 146 ("Plaintiffs are notified that this Magistrate Judge may recommend that the District Court (1) hold them in contempt for violating Court Orders and failing to cooperate in discovery, and (2) impose sanctions against them under Rule 37 and Rule 41.")
[43] See *Okorie,* 2024 U.S. App. LEXIS 29873 at *2.
[44] Doc. 157 at page 1.
[45] *Id.*
[46] *See* FED. R. CIV. P. 37
[47] *See* FED. R. CIV. P. 26

### IV. PLAINTIFFS' MOTION FOR APPLICATION OF FAIR TIME EXCEPTION (DOC. 153) SHOULD BE DENIED

22. In Doc. 153, Plaintiffs request that the court apply the "fair time exception" and cite to *In re Discovery Abuse*, 2012 WL 987654 (W.D. Tex. 2012) as authority for the proposition that courts apply the fair time exception "in circumstances where a party's delay in producing discovery unjustly impeded the opposing party's preparation."[48] After an extensive review of available case law, Nationwide believes this is yet another example of Plaintiffs' use of artificial intelligence generating cases that do not exist.[49] Further, Nationwide has been unable to locate any authority for the existence of a "fair time exception" but maintains that it has conducted discovery in compliance with the Federal Rules of Civil Procedure.

23. Plaintiffs' also assert that Nationwide has invoked the "annual death penalty for prisoners' privilege" to Plaintiffs' "entire claim history."[50] Again, Nationwide has been unable to locate any authority to support the existence of such a privilege and Nationwide did not assert any such privilege in its privilege log. Because the remedies requested by Plaintiffs in this motion have no basis, and likely do not exist, Nationwide respectfully requests that the court deny any and all relief requested in Doc. 153.

### V. THE RELIEF REQUESTED IN DOC. 154 SHOULD BE DENIED

24. In Doc. 154, Plaintiffs make a variety of unsubstantiated allegations against Nationwide's counsel, including attorney Patrick Kemp, including suggesting that he orchestrated the arrest of Plaintiffs via the falsification of an arrest warrant. Based on this allegation, the Plaintiffs request that the court issue a protective order barring "Patrick Kemp and his associates"

---

[48] Doc. 153 at page 3.
[49] This is not the first time Plaintiffs have cited to cases that do not exist or attributed non-existent quotes to existing cases. *See* Doc. 63 at pages 8-10; Doc. 100 at page 3; Doc. 104 at page 8; Doc. 112 at n. 6; Doc. 128 at n. 11.
[50] Doc. 153 at page 2.

from filing "any further legal actions against Plaintiff without judicial approval," "manipulating law enforcement or court proceedings for retaliatory purposes" and "interfering with Plaintiff's assets, finances, or settlement rights."[51] Plaintiffs also ask that the court impose sanctions against Patrick Kemp for "knowingly procuring an invalid arrest warrant," "orchestrating fraudulent police reports" and "engaging in financial harassment and legal obstruction."[52] Finally, Plaintiffs request an "Emergency Temporary Restraining Order" alleging Patrick Kemp has engaged in retaliation and malicious prosecution.[53]

25. A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[54] The movant bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[55]

26. Plaintiffs do nothing to carry their burden and show that a protective order is necessary in the instant case. Rather, Plaintiffs make general conclusory allegations of retaliation and malicious prosecution. The only "evidence" Plaintiffs purport to supply for these allegations are copies of the police reports from the Austin Police Department evidencing the arrests of both Mr. Grant and Ms. Harrington. However, these documents do not provide any support for Plaintiffs claim that these arrests were the result of retaliation or were in any way related to Plaintiffs lawsuit against Nationwide. Rather, both arrest reports include a length section titled "Narrative Test" where the police describe their investigation, and the evidence collected supporting arrest.[56]

---

[51] Doc. 154 at page 4.
[52] *Id.*
[53] *Id.* Due to the similarity between this argument and Plaintiffs request for a preliminary injunction in Doc. 147 and the fact that the factors for imposing a preliminary injunction and TRO are the same, Nationwide will not reiterate this argument here as Plaintiffs fail to provide any new evidence that would entitle them to injunctive relief.
[54] FED. R. CIV. P. 26(c)(1).
[55] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).
[56] Doc. 154 at page 41-45.

Because Plaintiffs have failed to provide any evidence of good cause to impose a protective order in this case, and rather relief on conclusory statements, the court should deny Plaintiffs' request for a protective order.

27. Plaintiffs request for sanctions is also completely unsubstantiated and without evidentiary support. Plaintiffs fail to even cite to a rule that would authorize sanctions in this case, and instead demand sanctions based on Plaintiffs' wild conspiracy theories. Because Plaintiffs have not provided any substantive arguments for the imposition of sanctions in this case, the Court should deny Plaintiffs' request for sanctions.

## VI. PLAINTIFFS' REQUESTS FOR AN IN-CAMERA REVIEW OF NATIONWIDE'S DOCUMENT PRODUCTION (DOC. 155) SHOULD BE DENIED.

28. In Doc. 155, Plaintiffs' request an *in camera* review of "Defendant's improperly held coverage Benefits and Reimbursement of – out – of pocket receipts and Automatically Triggered ALE."[57] As evidence to support this claim, Plaintiffs cite to 39 different exhibits, totaling 436 pages, in their appendix which they claim establish "fraudulent conduct, discrepancies and bad-faith claim handling" by Nationwide and Nationwide's counsel. Even a cursory review of these exhibits shows that Plaintiffs have produced no new evidence of their claims.

29. Similarly, as Nationwide addressed previously, Plaintiffs have failed to meet the threshold to trigger an *in camera* review of Nationwide's document production.[58] When a party requests for the district court to conduct an *in camera* review of documents allegedly applicable to the crime-fraud exception, that party must make out a *prima facie* case that the crime-fraud exception applies to the immediate facts.[59] Making out a *prima facie* case of the crime-fraud

---

[57] Doc. 155 at page 1. Plaintiffs make a substantially similar argument in Doc. 149 on pages 7-8.
[58] Doc. 141.
[59] *Earl v. Boeing Co*, 4:19-cv-507, 2021 U.S. Dist. LEXIS 40290, at *5 (E.D. Tex. 2021).

13

exception requires two steps: (1) the client must be shown to engage in the ongoing fraudulent conduct when the communication or material was sought or produced, and (2) the communication or material must reasonably relate to the fraudulent conduct.[60] Plaintiffs fail to even address these steps, let alone provide evidence sufficient to invoke an *in camera* review.

30. Finally, Plaintiffs spend significant time asking the court to award them the ultimate relief they seek in this case, policy benefits and ALE which they claim were not paid direct violation of the Plaintiffs' policy. Plaintiffs' claim that their insurance policies with Nationwide include a provision that "once a property damage claim is paid, ALE benefits attach automatically."[61] Plaintiffs claim that they are entitled to 1% of the dwelling coverage, which by their calculation equals $22,000 on Claim No. 793803-GO. Their interpretation of the policy is incorrect and Plaintiffs' have not established entitlement to any such claimed damages. Therefore, Nationwide respectfully requests that the court deny, and all relief requested by Plaintiffs in Doc. 155.

## VII.  PLAINTIFFS' FAILED TO CONFER BEFORE FILING THE MAJORITY OF THESE MOTIONS

31. Plaintiffs failed to confer before seeking the relief requested in Docs. 147, 148, 149, 150, 151, 153, 154, 155 and 157. Western District of Texas Local Rule CV-7(G) states a court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made."[62]

---

[60] *In re Grand Jury Subpoena*, 419 F.3d 329, n.7 (5th Cir. 2005).
[61] Doc. 155 at 5.
[62] Western District of Texas Local Rule CV-7(G).

32. Further, this Court has explicitly warned Plaintiffs of this deficiency in many of their prior filings: "Plaintiffs are admonished that they must *actually confer* with counsel for Nationwide before filing *any* future nondispositive motion in the Court . . ."[63] Despite this warning, Plaintiffs again failed to confer. The Court may decline to hear this dispute for that reason. Nonetheless, Nationwide opposes the relief sought in Docs. 147-155 and 157.

## VIII.   CONCLUSION AND PRAYER

WHEREFORE, Defendant Nationwide Mutual Insurance Company prays that the Court deny any and all relief requested by Plaintiffs in Docs. 147-155 and 157.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

---

[63] *See* Doc. No. 65, at p. 10 of 12 (emphasis in original).

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 3rd day of March, 2025 to:

Jacqueline Harrington
Don Grant
13516 Gerald Ford St.
Manor, Texas 78653
Jfox2c125@gmail.com
donrgrant@sbcglobal.net

                                             */s/ Patrick M. Kemp*
                                             Patrick M. Kemp