IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON RICHARD GRANT AND JACQUELINE LILIAN HARRINGTON, | § § § § | No. 1:24-CV-247-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;
(2) GRANTING DEFENDANTS' MOTIONS; (3) DENYING PLAINTIFFS'
MOTIONS; AND (4) DISMISSING CLAIMS WITH PREJUDICE

Before the Court is: (1) a Report and Recommendation (the "Report") (Dkt. # 164) submitted by United States Magistrate Judge Susan Hightower; and (2) no less than six motions and many other filings by Pro Se Plaintiffs Don Grant and Jacqueline Harrington ("Plaintiffs"). (Dkts. ## 167, 168, 169, 170, 174, 176, 177, 179, 180, 181, 182, 183.) The Court finds these matters suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Hightower's recommendations and **DISMISSES WITH PREJUDICE** Plaintiffs' claims in this case pursuant to Rule 37(b)(2)(A)(v) and 41(b).

BACKGROUND

On February 23, 2024, Plaintiffs filed suit against Defendant Nationwide Mutual Insurance Company ("Nationwide") in the 261st Judicial District Court of Travis County, Texas. (Dkt. # 1-1.) This litigation arises from an insurance dispute. Plaintiffs allege that in April 2021, pipes at their home in Austin, Texas (the "Property") burst, causing water damage and flooding. (Id.) On March 6, 2024, Nationwide removed the case to this Court on the basis of diversity jurisdiction. (Dkt. # 1.) Plaintiffs allege claims against Nationwide for violations of the Texas Insurance Code, breach of the insurance contract, as well as for deceptive trade practices. (Dkt. # 1-1.)

On November 20, 2024, the Magistrate Judge in this case issued an order denying all of Plaintiffs' nine then-pending non-dispositive motions which had been referred to her. (Dkt. # 65.) The Magistrate Judge noted that the motions had been filed within a span of six weeks. (Id.) The Magistrate Judge denied as frivolous six of those motions, warning Plaintiffs that the Court may impose sanctions "including a pre-filing bar requiring Plaintiffs to seek and receive permission from the Court before filing any future motions in this case." (Id. at 3.) The Magistrate Judge also denied Plaintiffs' motion to compel appraisal and stay litigation because "Nationwide has shown that Plaintiffs waived appraisal by delay after impasse, repairing the Property before invoking appraisal, and triggering

2

litigation expenses, causing prejudice to Nationwide." (Id. at 8.) The Magistrate Judge also denied Plaintiffs' amended motion for leave to amend because it was untimely and for failure to confer with Defendants, nor did Plaintiffs show good cause to amend. (Id. at 9.) Finally, the Magistrate Judge admonished Plaintiffs for their lack of candor to the Court in their "Certificate of Conference," in which they falsely represented that they conferred with opposing counsel, warning Plaintiffs that a further breach of their duty of candor could subject them to sanctions. (Id.) The Magistrate Judge ordered Plaintiffs "to cease filing frivolous, duplicative, and harassing motions or face sanctions." (Id. at 12.)

Subsequent to the Magistrate Judge's order, Plaintiffs failed to heed the Magistrate Judge's order, proceeding to file at least ten more motions on the docket of this Court. On January 31, 2025, in considering Plaintiffs' motions, the Court noted that:

> Plaintiffs file near daily entries on the docket, including notices and other borderline frivolous and/or harassing filings which clog this Court's docket. Plaintiffs are hereby warned that future frivolous, harassing, or unconsolidated filings will result in sanctions. "Although pro se litigants are given considerable latitude, [Plaintiffs have] consumed [their] portion of the court's patience and then some," especially as Plaintiffs have emailed and called court staff on the regular in addition to making near-daily filings. See, e.g., Mayfield v. Klevenhagen, 941 F.2d 346, 348 (5th Cir. 1981) ("[Pro Se Plaintiff's] wasting of increasingly scarce judicial resources must be brought to an end.").

3

(Dkt. # 144 at 1–2.) The Court denied each of Plaintiffs' motions, warning them that Plaintiffs' contacting Court staff and near-daily filings in this case are harassing and clogging the Court's docket. (Id. at 9–10.) The Court then warned Plaintiffs that should such conduct continue in this case, the Court would impose sanctions, including a pre-filing injunction which requires Plaintiffs to seek permission before filing on the docket in this case. (Id.)

Subsequent to the Court's Order, Plaintiffs' filing ceased for a short time but then picked back up after Nationwide filed several motions, including a motion to quash Plaintiffs' untimely discovery requests and motion to sanction Plaintiffs' abusive conduct. (Dkts. ## 138, 140, 145.) The Court referred these and others motions to the Magistrate Judge. (Dkt. # 145.) On February 14, 2025, the Court ordered the parties to appear at a hearing on these motions as well as Plaintiffs' motion to compel discovery (Dkt. # 134.) Within that order, the Magistrate Judge warned that:

> Plaintiffs are notified that this Magistrate Judge may recommend that the District Court (1) hold them in contempt for violating Court Orders and failing to cooperate in discovery, and (2) impose sanctions against them under Rule 37 and Rule 41. Sanctions may include, but are not limited to, an award of Defendant's reasonable expenses, including attorney's fees, incurred in making its motions listed above; entry of a default judgment against Plaintiffs; and/or dismissal of this action for failure to comply with Court Orders and the Federal Rules of Civil Procedure.

On March 4, 2025, the Magistrate Judge held a hearing on Nationwide's motions, as well as six of Plaintiffs' motions or filings in this case. Nationwide appeared through its counsel, but Plaintiffs failed to appear.

On March 5, 2025, the Magistrate Judge issued her Report on the motions and filings, recommending that this Court dismiss with prejudice Plaintiffs' claims in this case pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure, and order Plaintiffs to pay Nationwide its reasonable expenses, including attorneys' fees, incurred in bringing frivolous motions against it.  (Dkt. # 164.)

On March 17, 2025, Plaintiffs filed their objections to the Report (Dkt. # 168), as well as a renewed motion to disqualify Magistrate Judge Hightower (Dkt. # 167).  The next day, March 18, 2025, Plaintiffs filed an "Expedited Ruling Motion to Stay R&R Pending[] Discovery Resolutions and Objections to Procedural Irregularities and Judicial Cons[piracy].  (Dkt. # 169.) And then the next day, March 19, 2025, Plaintiffs filed a "Motion to Reinstate Wrongfully Suppressed Filings, Recuse Judge David Ezra and Magistrate Judge Susan Hightower, and Request for Transfer to an Impartial Venue."  (Dkt. # 170.)

In the meantime, on March 22, 2025, Plaintiffs filed several notices of appeal to the Fifth Circuit Court of Appeals, attempting to appeal four orders in this case (Dkts. ## 144, 146, 164, and 65), but did not pay the filing fees.  (Dkts.

5

## 172, 173.)  On March 30, 2025, Plaintiffs filed two documents entitled "Proposed Findings of Fact."  (Dkts. ## 176, 177.)  On March 31, 2025, Nationwide filed its response to Plaintiffs' objection to the Magistrate Judge's Report.  (Dkt. # 178.)  Then, on April 1, 2025, Plaintiffs filed another motion to amend their complaint.  (Dkt. # 179.)  And, on April 3, 2025, Plaintiffs filed a Motion for Emergency Injunctive Relief and to Set Aside Orders under Rule 60(d)(3).  (Dkt. # 180.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## ANALYSIS

The Court will first consider Plaintiffs' renewed motion to recuse Judge Hightower (Dkt. # 167), and Motion to Disqualify the undersigned (Dkt. # 170).  The Court will then consider the Magistrate Judge's Report.  (Dkt. # 164.)

A.   Motions to Recuse/Disqualify

Plaintiffs filed a second motion to recuse Judge Hightower on similar grounds as her first motion to recuse which the Court denied.  Plaintiffs again argue: (1) she exceeded her authority; (2) issued unlawful orders; and (3) prejudiced Plaintiffs' right to judicial review.  (Dkt. # 167.)  Additionally, Plaintiffs seek to disqualify the undersigned on the basis that: (1) their constitutional rights and access to justice have been obstructed through docket manipulation and suppression of filings; (2) their filings have been ignored beyond appropriate deadlines; (3) key filings were removed from the docket and ignored; (4) and the undersigned is biased, among others.  (Dkt. # 170.)

Under 28 U.S.C. § 455, a judge may be disqualified where the judge's impartiality might reasonably be questioned or the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a) and (b)(1).  Furthermore, "the alleged bias must be personal, as distinguished from judicial in nature."  United States v. Scroggins, 481 F.3d 824, 830 (5th Cir. 2007) (internal citations omitted).  The alleged bias or prejudice must stem from an extrajudicial source, resulting in an opinion "on some basis other than what the judge learned from his participation in the case."  United States v. MMR Corp., 954 F.2d 1040, 1045–46 (5th Cir. 1992) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).  The determination of whether disqualification is appropriate is within the sound discretion of the judge.  In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993).

The Court finds no merit to Plaintiffs' request to recuse either Judge Hightower or the undersigned.  Despite Plaintiffs' contentions, all of the conduct referenced by Plaintiffs as evidence of alleged error and bias occurred during the course of judicial proceedings.  Additionally, the errors that Plaintiffs complain of are more or less disagreements with the rulings made in the case.

The fact that a judge has ruled against a party or adopted opposing counsel's discovery and scheduling order requests does not render the judge biased or require the judge's disqualification.  Hipp, 5 F.3d at 116.  "Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an

8

extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." Scroggins, 481 F.3d at 830.

Therefore, although Plaintiffs object to both the undersigned and Judge Hightower's findings and rulings in their case, unless such decisions show such antagonism as to indicate fair judgment is impossible with respect to Plaintiffs, they do not constitute grounds for disqualification. After careful review, and despite Plaintiffs' various assertions to the contrary, both of the judges' conduct complained of occurred during the judicial proceedings in this case, and does not demonstrate either bias or antagonism, let alone the bias or antagonism required for disqualification.

Under § 455, the standard for impartiality is whether "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." In re Chevron U.S.A., 121 F.3d 163, 165 (5th Cir. 1997) (internal citations omitted). Having reviewed Plaintiffs' motions and the entire case file, this Court finds that no reasonable person, knowing all of the facts and circumstances surrounding this case, would question either judges' impartiality. Therefore, Plaintiffs' motion to recuse or disqualify Judge Hightower and the undersigned are **DENIED**. (Dkts. ## 167, 170.)

B.    <u>Report and Recommendation</u>

In her Report, the Magistrate Judge first determined that "Plaintiffs' conduct before the Court in the year since removal requires [the] Magistrate Judge to recommend that the District Court dismiss their claim with prejudice under the Court's inherent powers, Rule 37(b)(2)(A)(v), and Rule 41(b)." Regarding this, the Magistrate Judge determined that: (1) Plaintiffs have filed dozens of frivolous, harassing, and duplicative filings; (2) Plaintiffs have violated the Local Rules and Federal Rules of Civil Procedure and made false representations to the Court, including that they failed to confer and filed a false certificate of conference, as well as a fake "Signature of Clerk" on a discovery document; (3) Plaintiffs have willfully violated their obligations to participate in discovery and appear for deposition; and (4) Plaintiffs have engaged in abusive conduct, including making unsubstantiated allegations against Nationwide's counsel and filing a disciplinary complaint against him that was later dismissed; Plaintiffs also sent untimely discovery requests directly to Nationwide's discovery experts by threatening and harassing emails. (Dkt. # 164.) Considering all of this conduct, the Magistrate Judge recommended that the Court dismiss with prejudice Plaintiffs' claims pursuant to Rule 41(b) as a sanction for repeated violations of Court rules and orders, refusal to participate in discovery, and harassing and contumacious litigation conduct. (<u>Id.</u> at 8.)

Plaintiffs filed objections to the Magistrate Judge's Report in a document entitled "Plaintiffs' Objection to Dkts 65 and 164 It Its Entirety Magistrate Fake Contempt Orders are Premature, without Report and Recommendation, and Cannot be Legally Priorit[i]zed Above Pending Discovery Resolution, and TRO Injunction Relief or In Camera Review for Fraud and Conspira[cy]." (Dkt. # 168.) Although the objections are bit incoherent, conclusory, or even frivolous, it appears that Plaintiffs argue that their "due process rights and ability to litigate this matter fairly have been severely compromised by the Magistrate Judge's premature issuance of the R&R without resolving critical (TRO and injunction relief [motions]) . . . ." (Id. at 6.) Additionally, Plaintiffs contend that the Report is "fake," held ex parte, and demonstrates "clear procedural bias." (Id. at 1, 5, 6.)

First, Plaintiffs' conclusory objections will be overruled. "Conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiffs' objection is based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)). To the extent that Plaintiffs object that the Court has not ruled on a motion for a TRO or preliminary

11

injunction, this is without merit. The Court denied this relief and addressed the frivolousness of the request in its prior Order. (Dkt. # 144 at 8–10.) Additionally, to the extent that Plaintiffs object they did not get a hearing or notice prior to Judge Hightower's rulings on their discovery motions, this objection is without merit. The Court is not required to conduct a hearing on every motion. See W.D. Tex. L.R. CV-7(h) ("The allowance of a hearing is within the sole discretion of the court."). Furthermore, Plaintiffs failed to appear at the hearing set by the Magistrate Judge where she gave clear warnings regarding her potential actions in this case. Thus, Plaintiffs were given ample opportunity to appear in person to pursue their claims. And, Plaintiffs have also failed to provide the Court with any real evidence or examples of bias in this case. Accordingly, Plaintiffs' objections to the Report are overruled.

Based on the foregoing and given her detailed consideration, the Court finds the Magistrate Judge's rulings in this matter were not clearly erroneous. Therefore, the Court will overrule Plaintiffs' objections to that Order and the Report will be adopted. The Court will dismiss with prejudice Plaintiffs' claims in this case and Order Plaintiffs to pay Nationwide its reasonable expenses, including attorneys' fees, in bringing its Motions to Quash (Dkts. ## 138, 145) and Motion for Contempt and Sanctions (Dkt. # 140) pursuant to Rule 37(b)(2)(C).

Plaintiffs may now file an appeal with the Fifth Circuit Court of Appeals should they wish to challenge any action in this case.

## CONCLUSION

Based on the foregoing, the Court: (1) **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 164) as the opinion of the Court; (2) **GRANTS** Nationwide's motions to quash (Dkts. ## 138, 145) and motion for contempt and for sanctions (Dkt. # 140); and (3) **DENIES** Plaintiffs' frivolous, duplicative or harassing motions (Dkts. ## 134, 149, 150, 153–56, 151, 152, 158, 163, 167, 168, 169, 170, 174, 176, 177, 179, 180, 181–83).  It is further **ORDERED** that Plaintiffs' claims in this case are **DISMISSED WITH PREJUDICE** pursuant to Rules 37(b)(2)(C) and 41(b), and that Plaintiffs must pay Nationwide its reasonable expenses, including attorneys' fees, in bringing its Motions to Quash (Dkts. ## 138, 145) and Motion for Contempt and Sanctions (Dkt. # 140).  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED.**

DATE: Austin, Texas, April 4, 2025.

_____
David Alan Ezra
Senior United States District Judge