# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DON RICHARD GRANT** and **JACQUELINE LILIAN HARRINGTON,** §§§§§§§§§ *Plaintiffs* §§§§§§§§§ v. §§§§§§§§§ **NATIONWIDE MUTUAL INSURANCE COMPANY,** §§§§§§§§§ *Defendant* | Case No. 1:24-CV-00247-DAE |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DAVID A. EZRA**
**        UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiffs' Motion to Proceed *In Forma Pauperis* on Appeal and Request for Appointment of Counsel, filed April 14, 2025 (Dkt. 189), and Defendant's Response, filed April 21, 2025 (Dkt. 195).[1]

### I.   Background

Plaintiffs Don Richard Grant and Jacqueline Lilian Harrington, proceeding *pro se*, filed this insurance coverage suit against Defendant Nationwide Mutual Insurance Company in state court on February 23, 2024. Dkt. 1-1. Plaintiffs allege that Nationwide wrongfully denied their insurance claims for water damage to their home. Nationwide removed to federal court based on diversity jurisdiction. Dkt. 1.

---

[1] By Text Order issued April 15, 2025, the District Court referred the motion to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiffs filed dozens of harassing, frivolous, duplicative, and malicious motions, as well as hundreds of pages of unsolicited, duplicative, and redundant documents. *See* Dkts. 148, 150-3, 155-1. Plaintiffs also violated the Local Rules and Federal Rules of Civil Procedure and made false representations to the Court; willfully violated their obligations to participate in discovery and appear for deposition; made many unsubstantiated allegations against Nationwide's counsel; refused to engage in discovery; and engaged in abusive litigation conduct. *See* Dkt. 164.

By Order issued February 14, 2025, the Court ordered the parties to appear for a hearing on all pending referred motions on March 4, 2025. Dkt. 146 at 2. The Court also warned Plaintiffs that the Court may recommend that the District Court (1) hold them in contempt for violating Court Orders and failing to cooperate in discovery and (2) impose sanctions against them under Rule 37 and Rule 41. Nationwide appeared at the March 4 hearing through counsel, but Plaintiffs failed to appear.

On March 5, 2025, the Court granted Nationwide's motions for contempt and sanctions and issued a Report and Recommendation that the District Court dismiss Plaintiffs' Complaint with prejudice under Rules 37(b)(2)(A)(v) and 41(b) as a sanction for their repeated willful violations of Court rules and orders, refusal to participate in discovery, and harassing and contumacious litigation conduct. Dkt. 164. The District Court adopted the Report and Recommendation in full on April 4, 2025, and dismissed Plaintiffs' case with prejudice.

Plaintiffs filed Notices of Appeal to the Fifth Circuit on March 22, 2025, appealing orders by this Magistrate Judge and the District Court. Dkts. 172-73. Plaintiffs now seek leave to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24. Plaintiffs also ask the Court to appoint them counsel. Plaintiffs have not previously requested *in forma pauperis* status in this case.

## II. Motion for *In Forma Pauperis* on Appeal

Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party also must attach an affidavit to the motion that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(A)-(C).

Even if the moving party demonstrates financial hardship, the district court may deny the motion if the court finds that the appeal "is not taken in good faith." FED. R. APP. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962)). An appeal presents nonfrivolous issues when it raises legal points arguable on the merits. *U.S. v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017); *Howard*, 107 F.2d at 220.

Plaintiffs allege that they are "indigent and unable to afford the filing fees, court costs, and other necessary expenses associated with this Writ of Mandamus." Dkt. 189 at 1. In support, they attach to their motion one unsigned financial affidavit. Dkt. 189-1. Plaintiffs do not identify whether the financial affidavit was completed by Harrington or Grant, although the accompanying motion appears to be by Harrington. Dkt. 189 at 1. The affidavit states that the unidentified plaintiff and his or her spouse have a combined average monthly income during the last twelve months of $4,611 and expenses of $5,978. *Id.* at 2, 5. The affidavit also shows that plaintiffs own real estate worth $648,000. *Id.* at 3.

3

Because each Plaintiff has not submitted a sworn and dated financial affidavit, Plaintiffs have not satisfied Federal Rule of Appellate Procedure 24(a)(1)(A). The Court also finds that the submitted financial affidavit does not show that the submitting Plaintiff would suffer undue financial hardship by paying appellate fees.

In their Notices of Appeal, Plaintiffs make the conclusory allegation that this Magistrate Judge and the District Court are biased, violated the Code of Conduct for United States Judges and the Federal Rules of Civil Procedure, and violated Plaintiffs' constitutional rights by ruling against them. Dkts. 172-73. Plaintiffs' unsupported arguments do not present a nonfrivolous issue for appeal. Plaintiffs have not made the requisite showing for leave to proceed *in forma pauperis* on appeal and this Magistrate Judge recommends that their motion should be denied. Pursuant to Federal Rule of Appellate Procedure 24(a)(5), they may file a motion to proceed *in forma pauperis* on appeal with the Clerk of the Fifth Circuit.

### III.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Proceed *In Forma Pauperis* on Appeal (Dkt. 189).

### IV.    Order on Motion for Appointment of Counsel

Plaintiffs also ask the Court to appoint counsel to represent them on appeal. A *pro se* plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right. First, an indigent plaintiff is ineligible for appointment of counsel unless the district court determines that his claims meet a threshold level of plausibility." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). Even if the plaintiff's claim is not frivolous, a district court is "not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist

4

exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021).

Factors a district court should consider in determining whether exceptional circumstances warrant appointment of counsel include (1) the type and complexity of the case; (2) the plaintiff's ability adequately to present and investigate his case; (3) the presence of evidence that largely consists of conflicting testimony to require skill in presentation and cross-examination; and (4) the likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the trial and assisting in just determination. *Id.*

The Court finds that Plaintiffs have not shown that their claims are plausible or that exceptional circumstances warrant appointment of counsel. This Magistrate Judge **DENIES** Plaintiffs' Motion for Appointment of Counsel (Dkt. 189).

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and return it to the docket of the Honorable David A. Ezra.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 29, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

6