**Certified as a true copy and issued as the mandate on May 23, 2025**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 23, 2025
Lyle W. Cayce
Clerk

**FILED**
May 23, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____pg_____
DEPUTY

No. 25-50278

In re Don Richard Grant; Jacqueline Lilian Harrington,

*Petitioners.*

Petition for Writ of Mandamus to the
United States District Court
for the Western District of Texas
USDC No. 1:24-CV-247

UNPUBLISHED ORDER

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:

    Don Richard Grant and Jacqueline Lilian Harrington (together, the Petitioners) have filed in this court a pro se petition for a writ of mandamus. Their mandamus petition arises out of the Petitioners' lawsuit against Nationwide Mutual Insurance Company (Nationwide). In their complaint, the Petitioners alleged that Nationwide wrongfully denied their insurance claims for water damage to their home and asserted claims for violations of the Texas Insurance Code, breach of contract, and deceptive trade practices. On April 4, 2025, the district court entered an order and judgment dismissing the Petitioners' suit with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), upon a finding that the Petitioners

No. 25-50278

repeatedly violated court rules and orders, refused to participate in discovery, and engaged in harassing and contumacious litigation conduct. The Petitioners have appealed the district court's judgment of dismissal; that appeal is docketed here as No. 25-50238.

In their mandamus petition, which was filed on April 9, 2025, the Petitioners challenge the district court's dismissal of their suit. They request that this court issue a temporary restraining order and preliminary injunction enjoining Nationwide, its counsel, the magistrate judge, and various other parties from taking certain specified actions. The Petitioners additionally request that this court vacate various rulings of the district court, including its order and judgment of dismissal. They also request that this court declare the district court's judgment of dismissal to be void, enjoin enforcement of the district court's rulings, remand their case to a "new judge or state court," and order Nationwide to "release owed insurance proceeds."

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that she has no other adequate means to obtain the requested relief and that she has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. *Id.* "Where an interest can be vindicated through direct appeal after a final judgment, this court will ordinarily not grant a writ of mandamus." *Campanioni v. Barr*, 962 F.2d 461, 464 (5th Cir. 1992).

The relief sought by the Petitioners largely comprises a challenge to the district court's judgment of dismissal. However, our mandamus authority does not extend to directing a district court to reconsider a ruling in a closed case. *Cf. Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943) (limiting mandamus authority to issuance of writs "in aid of a jurisdiction

already acquired by appeal" or "to those cases which are within [our] appellate jurisdiction although no appeal has been perfected"). Further, as an appellate remedy is available to the Petitioners, they may not proceed by way of mandamus. *See Campanioni*, 962 F.2d at 464. As to their requests for a temporary restraining order, preliminary injunction, and an order enjoining enforcement of the district court rulings and remanding the case, they have not shown a "clear and indisputable" right to the writ. *In re Willy*, 831 F.2d at 549 (internal quotation marks and citation omitted).

Finally, to the extent that the Petitioners seek an order against Nationwide or any other private individual or entity, "the writ of mandamus has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (internal quotation marks and citation omitted). "As the jurisdiction of the circuit court of appeals is exclusively appellate, its authority to issue writs of mandamus is restricted by statute to those cases in which the writ is in aid of that jurisdiction." *Roche*, 319 U.S. at 25. Thus, the Petitioners' requests for relief against Nationwide or any other private individual or entity do not warrant mandamus relief from this court. *See id.*

The petition for a writ of mandamus is DENIED. The Petitioners' motion for leave to amend or supplement their mandamus petition is likewise DENIED.