IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON RICHARD GRANT AND JACQUELINE LILIAN HARRINGTON, | § § § § | No. 1:24-CV-247-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

ORDER: (1) DENYING PLAINTIFF'S MOTION TO VACATE FINAL
JUDGMENT; (2) ADOPTING REPORT AND RECOMMENDATION;
AND (3) DENYING PLAINTIFFS' MOTION TO CONSOLIDATE

Before the Court is: (1) Pro Se Plaintiffs Don Grant and Jacqueline Harrington ("Plaintiffs") Motion to Vacate Final Judgment as Void (Dkt. # 186); (2) a Report and Recommendation (the "Report") (Dkt. # 200) submitted by United States Magistrate Judge Susan Hightower; and (3) Plaintiffs' Motion to Designate and Consolidate Related Cases (Dkt. # 201). The Court finds these matters suitable for disposition without a hearing. After reviewing the matters, the Court **DENIES** both of Plaintiffs' motions and **ADOPTS** Judge Hightower's recommendation.

BACKGROUND

On February 23, 2024, Plaintiffs filed suit against Defendant Nationwide Mutual Insurance Company ("Nationwide") in the 261st Judicial District Court of Travis County, Texas. (Dkt. # 1-1.) This litigation arises from an insurance dispute. Plaintiffs allege that in April 2021, pipes at their home in Austin, Texas (the "Property") burst, causing water damage and flooding. (Id.) On March 6, 2024, Nationwide removed the case to this Court on the basis of diversity jurisdiction. (Dkt. # 1.) Plaintiffs allege claims against Nationwide for violations of the Texas Insurance Code, breach of the insurance contract, as well as for deceptive trade practices. (Dkt. # 1-1.)

On November 20, 2024, the Magistrate Judge in this case issued an order denying all of Plaintiffs' nine then-pending non-dispositive motions which had been referred to her. (Dkt. # 65.) The Magistrate Judge noted that the motions had been filed within a span of six weeks. (Id.) The Magistrate Judge denied as frivolous six of those motions, warning Plaintiffs that the Court may impose sanctions "including a pre-filing bar requiring Plaintiffs to seek and receive permission from the Court before filing any future motions in this case." (Id. at 3.) The Magistrate Judge also denied Plaintiffs' motion to compel appraisal and stay litigation because "Nationwide has shown that Plaintiffs waived appraisal by delay after impasse, repairing the Property before invoking appraisal, and triggering

2

litigation expenses, causing prejudice to Nationwide." (Id. at 8.) The Magistrate Judge also denied Plaintiffs' amended motion for leave to amend because it was untimely and for failure to confer with Defendants, nor did Plaintiffs show good cause to amend. (Id. at 9.) Finally, the Magistrate Judge admonished Plaintiffs for their lack of candor to the Court in their "Certificate of Conference," in which they falsely represented that they conferred with opposing counsel, warning Plaintiffs that a further breach of their duty of candor could subject them to sanctions. (Id.) The Magistrate Judge ordered Plaintiffs "to cease filing frivolous, duplicative, and harassing motions or face sanctions." (Id. at 12.)

Subsequent to the Magistrate Judge's order, Plaintiffs failed to heed the Magistrate Judge's order, proceeding to file at least ten more motions on the docket of this Court. On January 31, 2025, in considering Plaintiffs' motions, the Court noted that:

> Plaintiffs file near daily entries on the docket, including notices and other borderline frivolous and/or harassing filings which clog this Court's docket. Plaintiffs are hereby warned that future frivolous, harassing, or unconsolidated filings will result in sanctions. "Although pro se litigants are given considerable latitude, [Plaintiffs have] consumed [their] portion of the court's patience and then some," especially as Plaintiffs have emailed and called court staff on the regular in addition to making near-daily filings. See, e.g., Mayfield v. Klevenhagen, 941 F.2d 346, 348 (5th Cir. 1981) ("[Pro Se Plaintiff's] wasting of increasingly scarce judicial resources must be brought to an end.").

3

(Dkt. # 144 at 1–2.) The Court denied each of Plaintiffs' motions, warning them that Plaintiffs' contacting Court staff and near-daily filings in this case are harassing and clogging the Court's docket. (Id. at 9–10.) The Court then warned Plaintiffs that should such conduct continue in this case, the Court would impose sanctions, including a pre-filing injunction which requires Plaintiffs to seek permission before filing on the docket in this case. (Id.)

        Subsequent to the Court's Order, Plaintiffs' filing ceased for a short time but then picked back up after Nationwide filed several motions, including a motion to quash Plaintiffs' untimely discovery requests and motion to sanction Plaintiffs' abusive conduct. (Dkts. ## 138, 140, 145.) The Court referred these and others motions to the Magistrate Judge. (Dkt. # 145.) On February 14, 2025, the Court ordered the parties to appear at a hearing on these motions as well as Plaintiffs' motion to compel discovery (Dkt. # 134.) Within that order, the Magistrate Judge warned that:

> Plaintiffs are notified that this Magistrate Judge may recommend that the District Court (1) hold them in contempt for violating Court Orders and failing to cooperate in discovery, and (2) impose sanctions against them under Rule 37 and Rule 41. Sanctions may include, but are not limited to, an award of Defendant's reasonable expenses, including attorney's fees, incurred in making its motions listed above; entry of a default judgment against Plaintiffs; and/or dismissal of this action for failure to comply with Court Orders and the Federal Rules of Civil Procedure.

On March 4, 2025, the Magistrate Judge held a hearing on Nationwide's motions, as well as six of Plaintiffs' motions or filings in this case. Nationwide appeared through its counsel, but Plaintiffs failed to appear.

On March 5, 2025, the Magistrate Judge issued her Report on the motions and filings, recommending that this Court dismiss with prejudice Plaintiffs' claims in this case pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure, and order Plaintiffs to pay Nationwide its reasonable expenses, including attorneys' fees, incurred in bringing frivolous motions against it. (Dkt. # 164.)

On March 17, 2025, Plaintiffs filed their objections to the Report (Dkt. # 168), as well as a renewed motion to disqualify Magistrate Judge Hightower (Dkt. # 167). The next day, March 18, 2025, Plaintiffs filed an "Expedited Ruling Motion to Stay R&R Pending[] Discovery Resolutions and Objections to Procedural Irregularities and Judicial Cons[piracy]. (Dkt. # 169.) And then the next day, March 19, 2025, Plaintiffs filed a "Motion to Reinstate Wrongfully Suppressed Filings, Recuse Judge David Ezra and Magistrate Judge Susan Hightower, and Request for Transfer to an Impartial Venue." (Dkt. # 170.)

In the meantime, on March 22, 2025, Plaintiffs filed several notices of appeal to the Fifth Circuit Court of Appeals, attempting to appeal four orders in this case (Dkts. ## 144, 146, 164, and 65), but did not pay the filing fees. (Dkts.

5

## 172, 173.) On March 30, 2025, Plaintiffs filed two documents entitled "Proposed Findings of Fact." (Dkts. ## 176, 177.) On March 31, 2025, Nationwide filed its response to Plaintiffs' objection to the Magistrate Judge's Report. (Dkt. # 178.) Then, on April 1, 2025, Plaintiffs filed another motion to amend their complaint. (Dkt. # 179.) And, on April 3, 2025, Plaintiffs filed a Motion for Emergency Injunctive Relief and to Set Aside Orders under Rule 60(d)(3). (Dkt. # 180.)

On April 4, 2025, the Court adopted the Magistrate's Judge's recommendations and her Report. The Court then dismissed with prejudice Plaintiffs' claims in this case and ordered Plaintiffs to pay Nationwide its reasonable expenses, including attorneys' fees, in bringing frivolous motions pursuant to Rule 37(b)(2)(C). (Dkt. # 184.) Judgment in this case was entered on the same day. (Dkt. # 185.)

On April 4, 2025, the same day judgment was entered, Plaintiffs filed a motion to vacate final judgment as void under Rule 60(b)(4) of the Federal Rules of Civil Procedure and a brief in support. (Dkts. ## 186, 190.) On April 21, 2025, Nationwide filed its response in opposition. (Dkt. # 196.) Meanwhile, on April 14, 2025, Plaintiffs filed a motion to proceed *In Forma Pauperis* ("IFP") on appeal (Dkt. # 200), which the Court referred to the Magistrate Judge for Report and Recommendation. On April 29, 2025, the Magistrate Judge issued her Report,

6

recommending the Court deny Plaintiffs' motion for IFP. (Dkt. # 200.) Plaintiffs did not file any objections to the Report. Thereafter, on May 1, 2025, Plaintiffs filed a motion to designate and consolidate related cases. (Dkt. # 201.) The pending matters are discussed below.

I.  Motion to Vacate

Plaintiffs' motion to vacate asks for relief from final judgment in this case on the basis that it is void due to lack of jurisdiction or fraud. (Dkt. # 186.) Plaintiffs also seek to alter or amend the judgment on the same grounds. (Id.) The Court will deny the motion.

First, despite Plaintiffs' arguments, the Court's final judgment is not void under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from a civil judgment or order. And "a judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" F.D.I.C. v. SLE, Inc., 722 F.3d 264, 270 (5th Cir. 2013) (quoting Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 210 (5th Cir. 2003)). Plaintiffs appear to argue that the case is void because the Court never had jurisdiction. (Dkt. # 186 at 2.) Nationwide voluntarily appeared in this case and answered on March 6, 2024; thus, Plaintiffs failure to effectuate service on Nationwide did not prevent the Court from acquiring jurisdiction. Nationwide's appearance and answer on March 6, 2024,

triggered the 30-day removal period for Nationwide to remove the case to this Court, which it did on the same day. (Dkt. # 1.) Therefore, to the extent Plaintiffs assert that the judgment in this case is void due to Nationwide's removal before it received formal service is without merit.

Additionally, Plaintiffs' request the Court to alter or amend judgment pursuant to Rule 59(e) or for "clear legal error and manifest injustice" is also without merit. (Dkt. # 190 at 1.) Plaintiffs again argue that Nationwide has engaged in "discriminatory retaliation against 76-year-old elderly pro se litigant, Don Grant." (Id.) A Rule 59(e) motion questions the correctness of a court's prior judgment. In Re Rodriguez, 695 F.3d 360, 371 (5th Cir. 2012). The rule is designed to serve the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion may not be used simply for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" or to relitigate matters that were not resolved to the movant's satisfaction. Id. Mere disagreement with a district court's order does not warrant reconsideration of the order. See St. Paul Mercury Ins. Co. v. Lewis-Quinn Constr., No. H-10-5146, 2012 WL 5381701, at *1 (S.D. Tex. Oct. 31, 2012).

Plaintiffs' arguments in support of the Court's alteration or amendment of the judgment in this case is not clear. Plaintiffs have not identified any legal error on the Court's behalf, nor have they presented any newly discovered evidence. Instead, Plaintiffs' allegations against Nationwide are repetitive of those alleged throughout this litigation. Plaintiffs have not identified any manifest error of law supporting their request.

Finally, the Court finds Plaintiffs' remaining arguments in their motion to be meritless. There is nothing supporting a violation of any rule or code of conduct when the case was transferred from Judge Pitman to the undersigned. Additionally, Plaintiffs failed to appear for a hearing set by the Magistrate Judge and for which they received notice, and thus no *ex parte* hearing was held in this case. Nor do any records in this case show discrimination against either Plaintiff.

Upon careful consideration of the matters raised in Plaintiffs' motion to vacate or alter or amend the judgment in this case, the motion will be denied.

II.     Report and Recommendation

On March 22, 2025, Plaintiffs filed Notices of Appeal to the Fifth Circuit Court of Appeals, appealing orders of this Court. (Dkts. ## 172–73.) Plaintiffs thereafter requested to proceed IFP on appeal. The Court referred this matter to the Magistrate Judge who issued her report on April 29, 2025,

recommending the Court deny Plaintiffs' motion. (Dkt. # 200.) Plaintiffs did not file any objections to the Report.

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Upon review, the Court finds the Magistrate Judge's conclusion that neither Plaintiff has submitted a sworn and dated financial affidavit, thus failing to satisfy the requirements of Federal Rule of Appellate Procedure 24(a)(1)(A) is

10

correct. Additionally, the Magistrate Judge's finding that their submitted financial affidavit does not show that the submitting Plaintiff would suffer undue financial hardship by paying appellate fees is also correct. Nor have Plaintiffs submitted a nonfrivolous issue for appeal. Thus, the Magistrate Judge's conclusions are neither clearly erroneous or contrary to law. The Court will thus adopt the Report and deny Plaintiffs' motion to proceed IFP on appeal. (Dkt. # 189.) Plaintiffs are reminded, however, that pursuant to Federal Rule of Appellate Procedure 24(a)(5), they may file a motion to proceed IFP on appeal with the Clerk of the Fifth Circuit.

III.    <u>Motion to Designate and Consolidate</u>

Plaintiffs motion to designate and consolidate related actions states that Plaintiffs are parties to multiple legal actions arising from the same nucleus of operative facts. (Dkt. # 201.) Plaintiffs ask the Court to consolidate the various actions into one case. (<u>Id.</u>)

The Court is unable to consolidate Plaintiffs' various cases with the instant matter. The cases listed are either matters in state court or bankruptcy court and the other two are an appeal and mandamus action in the Fifth Circuit Court of Appeals. The Court does not have jurisdiction over any of these cases other than the instant one and therefore cannot consolidate the actions listed. The Court will thus deny Plaintiffs' motion.

11

## CONCLUSION

Based on the foregoing, the Court: (1) **DENIES** Plaintiffs' Motion to Vacate Final Judgment as Void (Dkt. # 186); (2) **ADOPTS** the Magistrate Judge's Report (Dkt. # 200) and **DENIES** Plaintiffs' Motion to Proceed IFP on Appeal (Dkt. # 189); and (3) **DENIES** Plaintiffs' Motion to Designate and Consolidate Related Cases (Dkt. # 201). Plaintiffs are reminded that any further relief requested in this case should be brought before the Fifth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 20, 2025.

_____
David Alan Ezra
Senior United States District Judge